UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 8:10-cr-287-T-24-MAP

FRANKLIN DEROCHEMONT,
In re: Claim of Petitioner, Deborah DeRochemont

    Defendant.

_____/

## **ORDER**

This cause came before the Court on the Government's Motion for Summary Judgment (Doc. No. 51). At issue is Petitioner Deborah DeRochemont's asserted legal interest in certain property located at 5715 Sunset Falls Drive, Apollo Beach, Florida which the Court ordered forfeited as substitute assets in her husband's criminal case. For the reasons stated below, the Government's motion is granted.

**I.    Background**

After engaging in a long term scheme to defraud his employer, Caste-Crete Corporation, Franklin DeRochemont pled guilty to mail fraud and tax evasion. The Court sentenced him to 41 months in prison on January 25, 2011. In his plea agreement, DeRochemont consented to the entry of a $5,343,932.73 forfeiture money judgment against him, as well as the forfeiture of substitute assets up to the value of the money judgment. As part of the criminal judgment, the Court entered a forfeiture money judgment in the amount of $5,343,932.73 against DeRochemont, including a Preliminary Order of Forfeiture for Substitute Assets (Doc. No. 30).

The substitute assets included the real property located at 5715 Sunset Falls Drive in Apollo Beach, Florida ("Sunset Falls Property" or "Property"). The forfeiture money judgment and the preliminary order of substitute assets became final at the sentencing. After Franklin Derochemont's sentencing, Petitioner filed a verified petition asserting her interest in the Sunset Falls Property.

Petitioner and DeRochemont have been married since 1984. In 2003, DeRochemont began a five-year scheme to defraud his employer. Petitioner did not know about the scheme until January 2010. At that point, DeRochemont was already under federal investigation. DeRochemont's employer terminated him in January 2010, after which DeRochemont liquidated his 401K retirement account.

DeRochemont used $192,000 of his 401K funds to purchase the Sunset Falls Property in May of 2010. The Property was titled in both DeRochemont's and Petitioner's names. There is no mortgage on the Sunset Falls Property — the full purchase price came from DeRochemont's 401K. Petitioner did not contribute any funds toward the purchase of the Property, she did not participate in negotiations regarding the purchase, and though she signed the closing documents, she left the details of the purchase to DeRochemont.

Petitioner filed a verified petition asserting her legal interest in the Sunset Falls Property pursuant to Rule 32.2(c), Federal Rules of Criminal Procedure, and pursuant to 21 U.S.C. §§ 853(n) and 881(d) on March 2, 2011. After the parties' attempts at negotiation failed, the Court issued an order permitting the Government to conduct discovery to determine the nature and extent of Petitioner's interest in the Property. On November 15, 2011, the Government filed a Motion for Summary Judgment (Doc. No. 51). Petitioner did not file a timely response in

2

opposition to the Government's motion. On December 9, 2011, the Court issued an order directing Petitioner to file her response to the motion on or before Monday, December 12, 2011 at noon. (Doc. No. 53.) The Court advised Petitioner that failure to respond would result in the Court considering the motion to be unopposed. (Doc. No. 53.) On December 13, 2011, Petitioner filed a Motion for Extension of Time (Doc. No. 54). The Court denied that motion as untimely by separate order. (Doc. No. 56.)

## II.     Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affirmative evidence, designate specific facts showing there is a genuine issue for trial. *Porter*, 461 F.3d at 1320. In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

**III. Discussion**

*A. Whether the Sunset Falls Property is Subject to Forfeiture as a Substitute Asset?*

The Court must first consider whether the Sunset Falls Property was subject to forfeiture as a substitute asset. Pursuant to 21 U.S.C. § 853(c), the Government's interest in property subject to criminal forfeiture vests "upon the commission of the act giving rise to forfeiture." Property subject to forfeiture includes, among other things, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of [his criminal activity]." *See* 21 U.S.C. § 853(a)(1). However, if the property subject to forfeiture is unavailable "as a result of any act or omission of the defendant," § 853(p) permits substitute property to be forfeited instead. *See* 21 U.S.C. § 853(p). Section 853 is to be "liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(o).

The Fourth Circuit has concluded that "the substitute property that is subject to forfeiture under § 853(p) must be read to include all property of the defendant at the time of the commission of the acts giving rise to the forfeiture." *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003). The Fourth Circuit based its conclusion on the purposes of § 853 in general, and §§ 853(c) and (p) in particular: to prevent defendants from escaping the impact of an anticipated criminal forfeiture. *Id.* at 271–72. This Court finds the Fourth Circuit's reasoning persuasive.

As applied to this case, the Sunset Falls Property is subject to forfeiture as a substitute asset. DeRochemont consented to the entry of a $5,343,932.73 forfeiture money judgment against him, as well as the forfeiture of substitute assets up to the value of the money judgment

4

to specifically include the Sunset Falls Property. The Government's interest in DeRochemont's 401K account, which had been liquidated at the time of the forfeiture and therefore was not listed as a substitute asset, vested in 2003 upon his commission of the criminal acts. Therefore, the proceeds of DeRochemont's 401K account and any assets purchased when that account was liquidated are subject to forfeiture as substitute assets.

        B.       *Whether Petitioner Can Successfully Challenge Forfeiture Under 21 U.S.C. § 853(n)(6)?*

Having established that the Sunset Falls Property was subject to forfeiture as a substitute asset, the Court must consider Petitioner's asserted legal interest in the Property under 21 U.S.C. § 853(n)(6). To challenge the forfeiture of the Sunset Falls Property successfully, Petitioner must demonstrate that she has a legal interest superior to DeRochemont's or that she was a bona fide purchaser for value who was, at the time of purchase, reasonably without cause to believe that the Property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6). Petitioner has proven neither, nor can she.

First, Petitioner cannot prove that she had a legal interest in the Property superior to DeRochemont's. Petitioner argues she shares title to the Sunset Falls Property with DeRochemont as tenants by the entireties, meaning Petitioner and DeRochemont each had "an indivisible right to own and occupy the entire property." *See United States v. One Single Family Residence With Out Bldgs.*, 894 F.2d 1511, 1515 (11th Cir. 1990). However, "in the forfeiture context . . . 'the very nature of the tenancy by the entireties prevents a petitioner from claiming that her title to marital property is superior to her husband's.'" *United States v. Watkins*, 320 F.3d 1279, 1284 (11th Cir. 2003) (quoting *United States v. Kennedy*, 201 F.3d 1324, 1331 (11th Cir. 2000)) (alterations and internal quotation marks omitted).

Nor can Petitioner prove that she was a bona fide purchaser for value with respect to the Sunset Falls Property.  It is undisputed that the Property was purchased with funds derived solely from DeRochemont's 401K account; therefore, Petitioner gave nothing of value in exchange for her interest in the Property.  Furthermore, Petitioner was not, at the time of purchase, reasonably without cause to believe that the Property was subject to forfeiture.  DeRochemont purchased the Property with cash in May 2010, months after confessing his crime to Petitioner; therefore, Petitioner cannot claim to have been without reason to know that DeRochemont would be ordered to forfeit assets in the criminal case against him.

IV. **Conclusion**

The Sunset Falls Property was subject to forfeiture as a substitute asset because the Government's interest in the funds used to purchase the Property, *i.e.*, DeRochemont's 401K account, vested upon his commission of the acts giving rise to the forfeiture.  Because Petitioner cannot successfully challenge the forfeiture of the Sunset Falls Property under either provision of 21 U.S.C. § 853(n)(6), the Government's Motion for Summary Judgment (Doc. No. 51) on Petitioner's ancillary claim is GRANTED.  The Pre-Trial Conference set for December 19, 2011 is cancelled.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of December, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge