UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 8:10-cr-287-T-24-MAP

FRANKLIN DEROCHEMONT,
In re: Claim of Petitioner, Deborah DeRochemont

        Defendant.

_____/

## ORDER

        This cause came before the Court on Petitioner Deborah DeRochemont's Motion for New Trial or, in the Alternative, for Alteration or Amendment of Final Judgment Pursuant to Rule 59, and Motion for Relief from a Judgment or Order Pursuant to Rule 60 (Doc. No. 62). The Government has filed a response in opposition (Doc. No. 63). For the reasons stated below, Petitioner's motion is denied.

## I.    Background

        After engaging in a long-term scheme to defraud his employer, Caste-Crete Corporation, Franklin DeRochemont pled guilty to mail fraud and tax evasion. The Court sentenced him to 41 months in prison on January 25, 2011. In his plea agreement, DeRochemont consented to the entry of a $5,343,932.73 forfeiture money judgment against him, as well as the forfeiture of substitute assets up to the value of the money judgment. As part of the criminal judgment, the Court entered a forfeiture money judgment in the amount of $5,343,932.73 against DeRochemont, including a Preliminary Order of Forfeiture for Substitute Assets (Doc. No. 30).

The substitute assets included the real property located at 5715 Sunset Falls Drive in Apollo Beach, Florida ("Sunset Falls Property" or "Property"). The forfeiture money judgment and the preliminary order of forfeiture for substitute assets became final at the sentencing.

On March 2, 2011, Petitioner filed a verified petition asserting her legal interest in the Sunset Falls Property pursuant to Rule 32.2(c), Federal Rules of Criminal Procedure, and pursuant to 21 U.S.C. § 853(n) and 881(d). After the parties' attempts at negotiation failed, the Court issued an order permitting the Government to conduct discovery to determine the nature and extent of Petitioner's interest in the Property. On November 15, 2011, the Government filed a Motion for Summary Judgment (Doc. No. 51). Petitioner did not file a timely response in opposition to the Government's motion.

On December 9, 2011, the Court issued an order directing Petitioner to file her response to the motion on or before Monday, December 12, 2011 at noon. (Doc. No. 53.) The Court advised Petitioner that failure to respond would result in the Court considering the motion to be unopposed. (Doc. No. 53.) On December 13, 2011, Petitioner filed a Motion for Extension of Time (Doc. No. 54). The Court denied that motion as untimely by separate order. (Doc. No. 56.) On December 15, 2011, the Court granted the Government's motion for summary judgment. (Doc. No. 57.) After considering the Government's motion on the merits, the Court concluded that the United States' interest in the funds used to purchase the Sunset Falls Property vested upon DeRochemont's commission of the acts giving rise to the forfeiture, and determined that Petitioner could not successfully challenge the forfeiture under 21 U.S.C. § 853(n)(6). (Doc. No. 57.) On December 28, 2011, the Court entered a Final Judgment of Forfeiture for Substitute Assets (Doc. No. 61).

Petitioner filed the instant motion on December 29, 2011 (Doc. No. 62). Because there was no trial in this case, Petitioner's request for a new trial under Federal Rule of Civil Procedure 59 is inapplicable. Accordingly, the Court will consider this motion as requesting alteration or amendment of a judgment under Rule 59(e) or relief from judgment under Federal Rule of Civil Procedure 60(b).

## II.     Standard of Review

"A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). There are three "grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. However, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 685.

Rule 60 permits a court to relieve a party from a final judgment or order for the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

## III.     Discussion

Petitioner's motion consists of a series of factual representations, prayers for relief, an affidavit of Petitioner's attorney, Jan Soeten, Jr., and a document entitled, "Answer of Deborah DeRochemont to United States' Motion for Summary Judgment."[1]  Among the factual representations included in Mr. Soeten's affidavit are the claims that he did not receive a copy of the Government's Motion for Summary Judgment (Doc. No. 51) at the time it was originally filed and was not aware it had been filed until he received the Government's Notice of Supplemental Authority (Doc. No. 52).  However, Mr. Soeten states that he did receive the Government's Notice of Supplemental Authority (Doc. No. 52) at the time it was filed.

As previously stated in its order denying Petitioner's Motion for Extension of Time (Doc. No. 54), the Court determined that Mr. Soeten did receive electronic notification of the Government's motion based on its independent review of the docket and its electronic service. (See Doc. No. 56.)  Furthermore, the e-mail addresses to which Mr. Soeten would have received notification of the Government's Notice of Supplemental Authority are the same e-mail addresses to which the Government's Motion for Summary Judgment was sent.

Setting these factual inconsistencies aside, Petitioner does not assert which of the above-cited Rule 59(e) or Rule 60(b) grounds would provide her a legal basis for relief.  In fact, Petitioner's motion and attachments offer no relevant argument or authority other than citing the § 853(n)(6) standard — that, as a third-party petitioner, she had a legal interest in the Property superior to that of DeRochemont at the time of the commission of the acts which gave rise to the forfeiture of the Property; or that she was a bona fide purchaser for value who was, at the time of

---

[1]  The Court notes that the "Answer of Deborah DeRochemont to United States' Motion for Summary Judgment" was not filed with the Court until December 29, 2011, when Petitioner incorporated it into her instant motion.

purchase, reasonably without cause to believe that the Property was subject to forfeiture — and making a conclusory statement that Petitioner has met that standard.

Because Petitioner has not demonstrated that any of the grounds for altering or amending a judgment under Rule 59(e) or for relief from judgment under Rule 60(b) are applicable to her, Petitioner's Motion for New Trial or, in the Alternative, for Alteration or Amendment of Final Judgment Pursuant to Rule 59, and Motion for Relief from a Judgment or Order Pursuant to Rule 60 (Doc. No. 62) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record